IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

**VICTOR RODRIGUEZ-LEON**
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

**CIVIL NO. 06-1407 (PG)**

## OPINION AND ORDER

Petitioner Victor Rodriguez-Leon (hereinafter, "Petitioner" or "Petitioner Rodriguez-Leon") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum of Law in support. (D.E. # 1). The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 7). Petitioner filed its reply to the Government's response. (D.E. # 8). For the reasons stated below, Petitioner Rodriguez-Leon's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

On September 10, 2001, a sealed complaint was filed against a male juvenile, V.R.L. (Petitioner), in Criminal No. 01-655 (PG). ( Crim.D.E. # 2). On September 19, 2001, V.R.L. (Petitioner) was arrested, and the Government filed a sealed Information, and a sealed Certification to transfer V.R.L. (Petitioner) from juvenile to adult status. (Crim.D.E. # 4,6). On December 4, 2001, a sealed Amended Information was filed as to V.R.L. (Petitioner) (Crim.D.E. # 33). On December 5, 2001, a second sealed certification was filed as to V.R.L. (Petitioner) (Crim.D.E. # 39). The District Court issued a sealed Order transferring the case to a magistrate-judge for a transfer hearing. (Crim.D.E. # 49). On May 3, 2002, an Evidentiary Hearing was held as to the Male Juvenile V.R.L. (Petitioner), before a

Civil No. 06-1407(PG)                                                                                                                Page 2

magistrate-judge. (Crim.D.E. # 63).  On June 17, 2002, a Report and Recommendation was rendered granting the Government's motion that requested the transfer of V.R.L. (Petitioner) from juvenile to adult status for trial. (Crim.D.E. # 64).

On August 26, 2002, Petitioner filed a motion requesting an order to proceed against him as an adult in Criminal No. 02-323 (PG). (Crim.D.E. # 4).  On that same date, Petitioner waived the right to an indictment by a grand jury and plead guilty to a one count Information, pursuant to a plea agreement filed under the provisions of Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. (Crim.D.E. # 4,5).  Count One charged that from on or about 1992, and continuing until September 2001, Petitioner along with other individuals, did knowingly and intentionally possess with intent to distribute and/or distributed in excess of one (1) kilogram of heroin, in excess of five (5) kilograms of cocaine base and in excess of fifty (50) pounds of marijuana, in violation of Section 841(a) of Title 21, United States Code. (Crim.D.E. # 5).  On November 22, 2002, Petitioner was sentenced to two hundred thirty-five (235) months of imprisonment, an eight (8) year supervised release term, and a Special Monetary Assessment of one hundred dollars ($100). (Crim.D.E. # 10,11).

Petitioner appealed claiming that the District Court erred in transferring him to adult status. Petitioner also challenged the Court's acceptance of his plea agreement, and the denial of the request for continuance of sentencing hearing.  On March 17, 2005 judgment was entered affirming the conviction. United States v. Rodriguez-Leon, 402 F.3d 17 (1st Cir. 2005).  No certiorari was filed from judgment.  Petitioner Rodriguez-Leon petition for relief pursuant to section 2255 was entered on April 26, 2006. (D.E. # 1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Rodriguez-Leon claims ineffective assistance of counsel at the time of signing a transfer waiver to be tried as an adult and in the plea process.  In addition, Petitioner claims that his criminal history category was wrongly assessed, and that the appellate counsel failed to raise Apprendi, Blakely and Booker errors.

Civil No. 06-1407(PG) Page 3

**A. Claim of ineffective Assistance of Counsel at the time of signing the waiver and at the plea process**

Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. Section 2255; Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed2d 417 (1962).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed. 2d 148 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient, and that the deficiency prejudiced the defense. Strickland, 466 U.S. 668, 687 (1984). In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. In order to show prejudice, a petitioner must establish that "there is a reasonable probability that , but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). To meet the first part of the Strickland test a counseled guilty plea must be based on advice which is within the range of competence demanded of attorneys in criminal cases. Hill, 474 U.S. at 56. A guilty plea is valid only if it is based on a voluntary and intelligent choice

Civil No. 06-1407(PG) Page 4

among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25 (1970). In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have proceeded to trial. Hill, 474 U.S. at 59. A defendant who pleads guilty upon advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. at 56.

In the present case, Petitioner's allegation that he received ineffective assistance of counsel in the plea process or at the time of signing a transfer waiver to be tried as an adult are contrary to the record. As to the signing of the transfer waiver, the Magistrate's Report and Recommendation favored the transfer of Petitioner from juvenile to adult status. The Report and Recommendation stated that "having considered all evidence presented and the six criteria enunciated under 18 U.S.C. Section 5032[1] it is considered that the balancing of such factors favors the determination of the juvenile's transfer to adult status. What is more, given the seriousness of the offense charged, the circumstances and manner in which the crime(s) charged were committed, and the juvenile's active role in the events charged, it is considered that the nature of the offense by itself makes transfer to adult status warranted. See United States v. One Juvenile Male, 40 F.3d 841 (6th Cir. 1994) (district court did not abuse its discretion in ordering transfer to adult status based on conclusion that in cases where the juvenile's potential is good and facilities exist so as to allow the juvenile's potential to be realized, it is not in the interest of justice to transfer to adult status); United States v. B.N.S., 557 F.Supp. 351 (D. Wy. 1983) (heinous nature of crime outweighed other factors that supported trial as juvenile); United States v. Doe, 871 F.2d 1248 (5th Cir. 1989) (when confronted with a serious offense and aggravating circumstances, the court may consider that this factor alone outweigh the other five factors enumerated in 18 U.S.C. 5032); United

---

[1] These six (6) criteria are: 1. the age and social background of the juvenile; 2. the extent and nature of the juvenile's delinquency record; 3. nature and treatment efforts and the juvenile's response to such efforts; 4. the juvenile's present intellectual development and psychological maturity; 5. availability of programs designed to treat the juvenile's behavioral problems; 6. the nature of the alleged offense.

Civil No. 06-1407(PG) Page 5

States v. Hemmer, 729 F.2d 10 (1st Cir.); Randazza v. United States, 467 U.S. 1218 (1984) (in light of gravity of crime involved, weighed against other five factors, district court did not strike improper balance in ordering transfer to adult status). (Docket # 64, Magistrate's Report and Recommendation, pp. 26, 27).

At the change of plea hearing, Petitioner's Counsel answering the Court indicated:

THE COURT:  Do you oppose the report and recommendation?

MR. ANGLADA:  No, Your Honor. I have withdrawn my original intention to oppose the report and recommendation.

THE COURT:  Your Honor, originally the reason for the objection to the report and recommendation was not any particular paragraph or section but the general proposition that a person with an IQ of 62 was not adequate candidate to be transferred into adult condition but **in the comprehensive totality of the circumstances of this case** (emphasis ours), I am well aware of the evidence that would be presented against my client at the time of trial, the government has furnished me at least three or four packages of discovery.  The government has invited me and I have attended to at the very least two presentations of government witnesses and in the overall picture I have discussed with my client, I have been with my client at the Humacao Juvenile Center no less than on seventeen occasions in less than a year ...

(C.O.P. Tr. p.4).

From the record it is clear that petitioner's Counsel, in light of the Magistrate's Judge Report and Recommendation and the totality of the circumstances, decided not to oppose it and advised Petitioner to sign the waiver to be tried as an adult.

Petitioner's allegation that he received ineffective assistance of counsel in the plea process is also contrary to the record:

THE COURT:  And do you know how much time is contemplated in that agreement?

THE DEFENDANT:  Yes.

THE COURT:   What do you recall that you were explained as to that?

THE DEFENDANT:  It is 240 months.

Civil No. 06-1407(PG)                                                                                             Page 6

    THE COURT:  And do you know how much time that is in real time, in years?

    THE DEFENDANT:  Twenty.

    THE COURT:   Have you been able to speak with your mother and other relatives as to this matter of waiving the future proceedings, transfer proceedings?

    THE DEFENDANT:  Yes.

    THE COURT:  What have they told you about it?

    THE DEFENDANT:   Just that it is too many years.

    THE COURT:  And do you think it is too many years?

    The DEFENDANT:  Of course.

    THE COURT:  Then why are you accepting it?

    THE DEFENDANT:  Because there is no other agreement I could get.

    THE COURT:  You are aware of the fact of what you are charged with?

    THE DEFENDANT:  Yes.

    THE COURT:   And has your attorney discussed with you the evidence in possession of the government as to what you did?

    THE DEFENDANT:  Yes.

    THE COURT:  Are you aware of the fact that you have other charges pending in local court also?

    THE DEFENDANT:  Yes.

    THE COURT:  And they include murders?

    THE DEFENDANT:  Yes, one, yes.

    THE COURT:  What is it that you wish to do in this court?

    THE DEFENDANT:  To sign this agreement.

    THE COURT:  What will be the alternative if you do not sign this agreement, do you know?

    THE DEFENDANT:  I would have to go to trial.

    THE COURT:  All right.  If you are found guilty, what could happen to you, has your attorney explained that to you?

    THE DEFENDANT:  Yes.

Civil No. 06-1407(PG)                                                                                          Page 7

    THE COURT: You could get life. Did he explain that to you?

    THE DEFENDANT: Yes.

(C.O.P. Tr. pp. 11,12,13).

Taking into consideration the evidence that would be presented against Petitioner at the time of trial and that if convicted after jury trial Petitioner could face life imprisonment, counsel was able to negotiate a plea agreement for a term of 240 months. Counsel had discussed the evidence with Petitioner and he was aware that if convicted after jury trial, he could face life imprisonment. Petitioner has consulted the plea agreement and the waiver of the transfer proceedings with relatives. Both the signing of the waiver and the plea agreement were accepted by Petitioner knowingly and voluntarily. Petitioner has not shown that counsel performance as to the signing of the waiver or the plea agreement was deficient nor prejudiced. Petitioner's claims of ineffective assistance of counsel as to the signing of the waiver and the plea agreement fail.

    **B. Claim of criminal history category**

Petitioner alleges that at sentencing the district court erred when it adjudicated three (3) criminal history points for a past juvenile adjudication.[2] At sentencing petitioner failed to present objections to the pre-sentence report**.**

    THE COURT: Wait a minute. Mr. Rodriguez Leon, is there any information in that report that you wish me to change or modify or correct?

    THE DEFENDANT: No.

(St. Tr. p.8).

Since the present claim was not presented to the trial court, or raised or settled on appeal, it cannot be collaterally reviewed. A petition made pursuant to 28 U.S.C. Section 2255 cannot be used to litigate matters that were, or could have been, decided on appeal. Berthoff v. United States, 308 F.3d 124, 127-

---

    [2] The argument is premised on the erroneous conception that the computation of petitioner's criminal history pertained to the offense charged in the Information.

Civil No. 06-1407(PG)                                                                                           Page 8

128 (1st Cir. 2002); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).  Therefore, Petitioner's claim that his criminal history category was wrongly assessed is dismissed.

### C.  Ineffective assistance of counsel on appeal

Petitioner claims that appellate counsel failed to raise arguments under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).

Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. At 490.

The record states that at the change of plea hearing petitioner admitted accountability for more than one hundred fifty (150) kilograms of cocaine:

THE COURT:  According to the agreement you will plead guilty to count one of the information. I have already advised you of the minimum and maximum penalties.  At page three, you and the **government agree that for purposes of sentencing guideline calculations, you will be held accountable for an amount of possessing or distributing more than 150 kilograms of cocaine**, which gives a base level of 38.  Since the evidence of the government reveals that you possessed a firearm while these offense (sic) were being committed, the level will be increased by two levels, to 40 and since you are pleading guilty, then that 40 would be subtracted by three, to give us a total offense level of 37.  **Do you understand that?**

THE DEFENDANT:  **Yes**.

(C.O.P. Tr. pp. 25-26) (emphasis added).

The record shows that Petitioner stipulated the drug quantity, and the district court adopted that stipulation.  With the stipulation Petitioner admitted the drug quantity attributed to him.  Therefore, adopting the stipulation was not fact-finding, and there was no error in the district court's reliance on admitted facts regarding drug quantity in determining the applicable sentence. United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).  Furthermore, in the present case the statutory

maximum for the offense of conviction was a term of life imprisonment and the Court sentenced petitioner to less than twenty (20) years of imprisonment.  Apprendi's holding "applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." United States v. Caba, 241 F.3d 98,101 (1st Cir. 2001).  If the disputed fact influences the sentence, but the resulting sentence is still below the default statutory maximum, there is no Apprendi violation.  United States v. Robinson, 241 F.3d 115,119 (1st Cir. 2001); United States v. Houle, 237 F.3d 71, 80 (1st Cir. 2001) (Apprendi was not violated by district court's finding drug quantity using preponderance of evidence standard as defendant was sentenced within the statutory maximum).  In this case, the statutory maximum for the offense of conviction was life imprisonment and since sentence was within the applicable statutory maximum, Apprendi was not applicable.

   As to Booker, the error is not that a judge (by a preponderance of the evidence) determined facts under the guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory guidelines system." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).  It is not enough for a defendant merely to argue that his sentence might have been different had the guidelines been advisory at the time of sentencing.  United States v. Guzman, 491 F.3d 27, 32 (1st Cir. 2005).  He must offer some reasonable indication that sentencing could have fashioned a more favorable sentence.  United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).  Petitioner must point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to him under the new advisory guidelines system.

   In the present case, the record repeatedly contradicts Petitioner's claim that under an advisory system he would have been given a more lenient sentence.  The Court was aware of Petitioner's criminal record:

   THE COURT: The extent and nature of the juvenile's prior delinquency record, which is also extensive, I believe he has some matters pending in state court involving murders.

   MR. ANGLADA: Yes, your Honor.

(C.O.P. Tr. p. 8 ).

Civil No. 06-1407(PG)                                                                                               Page 10

   THE COURT:  Are you aware of the fact that you have other charges pending in local court also?

   THE DEFENDANT:  Yes.

   THE COURT:  And they include murders?

   THE DEFENDANT:  Yes, one yes.

(C.O.P. Tr. p. 13).

   Under these circumstances, even if Petitioner's counsel had raised arguments on appeal under Booker, there is no reasonable probability that the Court would have imposed a lesser sentence under an advisory guideline system.  For the reasons stated above, Petitioner's final allegation of ineffective assistance of counsel on appeal fails.

### III. CONCLUSION

   For the reasons stated, the Court concludes that Petitioner **VICTOR RODRIGUEZ-LEON** is not entitled to federal habeas relief on the claim presented.  Accordingly, it is ordered that petitioner **VICTOR RODRIGUEZ-LEON's request for habeas relief under 28 U.S.C. Sec. 2255** (D.E. #1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 be **DENIED.**

   **IT IS SO ORDERED**

   In San Juan, Puerto Rico, this 23 of February 2010,

                                                      S/JUAN M. PÉREZ-GIMÉNEZ
                                                      JUAN M. PÉREZ-GIMÉNEZ
                                                      Senior United States District Judge